Lynn S. Walsh, OSB #924955
email: walsh@europa.com
205 SE Spokane Street, Suite 300
Portland, Oregon 97202
Telephone: 503-790-2772
Facsimile: 503-238-7501

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| GARY OSTER,<br><br>                Plaintiff,<br><br>   v.<br><br>GARTH GULICK, MD; BRYON HEMPHILL, DO; and THE STATE OF OREGON;<br>                Defendants. | NO. 2:18-cv-01509-SU<br><br>FIRST AMENDED COMPLAINT<br>Civil Rights Action (42 U.S.C. § 1983)<br><br>DEMAND FOR JURY TRIAL |

     This is a Civil Rights action concerning the defendants' deliberate indifference to the serious medical needs of a diabetic prisoner while incarcerated in the Oregon Department of Corrections. Plaintiff suffers from type 2 diabetes. Upon admission to the prison in December 2015, plaintiff's diabetes was well-controlled with diet, exercise, and the oral prescription drug Metformin. Plaintiff continued on in prison with excellent control of his diabetic condition with

Page 1      FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

the same lifestyle and drug regimen. Then Plaintiff's prescription for Metformin was abruptly discontinued in August 2016 even though his blood glucose showed that he was hyperglycemic shortly thereafter, thus leading to a worsening of his diabetic condition.

## JURISDICTION

1.  This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§1983 and 12101 et seq., and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). Pendent jurisdiction is asserted for separate state law claims under 28 U.S.C. § 1367.

## VENUE

2.  Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, many of the acts and practices alleged herein occurred at Snake River Correctional Institution in Ontario, Mahleur County, Oregon.

## PARTIES

3.  Plaintiff Gary Oster is an adult currently residing at Oregon State Penitentiary (OSP) in Salem, Oregon. Mr. Oster suffers from Type 2 diabetes.

4.  The Oregon Department of Corrections (ODOC) is an agency of defendant State of Oregon, and is obligated to provide healthcare to its prisoners consistent with healthcare provided in the community.

5.  Defendant Garth Gulick, MD is a physician at Snake River Correctional Institution (SRCI) and an employee of the Oregon Department of Corrections (ODOC). At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

Page 2      FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

6.  Defendant Bryon Hemphill, DO is a physician at SRCI and an employee of ODOC. At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

## FACTUAL ALLEGATIONS

7.  Mr. Oster suffers from Type 2 diabetes.

8.  According to the American Diabetes Association, in Type 2 diabetes your body does not use insulin properly, which is called insulin resistance. Over time, your pancreas cannot make enough insulin to keep your blood glucose levels normal. Type II diabetes is treated with lifestyle changes, oral medications, and insulin.

9.  Mr. Oster was diagnosed with Type II diabetes in 2006, and had been taking the oral medication Metformin since 2006 until it was discontinued at ODOC by Dr. Gulick in 2016.

10. Metformin is an oral medication that has been the first line treatment for Type 2 Diabetes for decades. It has better effectiveness, is associated with fewer adverse effects, and is cheaper than most other oral medications.

11. After his initial diagnosis in 2006, Mr. Oster implemented diet and lifestyle changes that aided in the control of his diabetes.

12. Mr. Oster was admitted to ODOC on or about December 2, 2015. During intake he notified the medical practitioners of his diabetic condition and his prescription for Metformin. He continued to receive Metformin upon his arrival to ODOC. He continued with his diet and lifestyle habits that included healthy eating and regular exercise.

13. Dr. Hemphill was Mr. Oster's primary doctor. Dr. Hemphill ordered bloodwork for Mr. Oster on February 16, 2016. The lab results showed that Mr. Oster had excellent control of his

Page 3        FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

diabetes. His blood glucose was at 107, and his hemoglobin A1C was 4.6%. The A1C measures your average glucose over the last three months. Diabetics have a goal of being under 7%.

14.     In April of 2016, Dr. Hemphill reduced the Metformin prescription from 1000 mg twice daily to 500 mg twice daily.    Dr. Hemphill failed to order any lab tests or daily CBG tests to monitor how this prescription change would affect his glucose levels.

15.      On August 16, 2016, without performing any new lab tests, Dr. Gulick discontinued the Metformin prescription. Dr. Gulick's handwriting is mostly illegible, but his progress note appears to question the diabetes diagnosis, and states that the diabetes has "resolved."

16.     Dr. Gulick ordered a fasting lab test which was performed on August 26, 2016. In this lab test, Mr. Oster's fasting glucose level was 155. His A1C went up to 5.1% which is still an excellent number, but one would not expect it to radically change since A1C measures the average glucose over three months.

17.     Mr. Oster's fasting glucose level of 155 showed that he was diabetic and hyperglycemic. According to the American Diabetes Association, a fasting plasma glucose level greater than or equal to 126 is diagnosed as diabetes. Thus, as of August 26, 2016, Mr. Oster was exhibiting a clear symptom of uncontrolled diabetes. Mr. Oster was never informed of this lab result.

18.     It appears that Dr. Hemphill noted the 12 hour fast and the high glucose level by circling each, and then placed his initial (a scribble that appears to be a large H) at the bottom of the lab report on August 29, 2016. Yet, no changes were made to Mr. Oster's treatment plan.

19.     Mr. Oster began to notice he was experiencing symptoms of diabetes. He told Dr. Gulick this on October 31, 2016. Dr. Gulick's chart notes from this day are illegible, but the Order he wrote from this day suggest that he ordered a fructosamine test which is a tool for measuring

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

how well you diabetes treatment program is working.  Dr. Gulick did not order any other bloodwork or simple finger prick tests.   There is no legible medical record indicating that he reviewed the August 26, 2016 labs.

20. Mr. Oster never received the fructosamine test or any other testing of his glucose levels.

21. The American Diabetes Association recommends that the A1C test be performed every three months for patients whose therapy has changed or who are not meeting glycemic goals.  Although Mr. Oster's therapy had changed, and his latest lab indicated he was hyperglycemic, he did not receive another A1C test in three months.

22. During most of 2016, Mr. Oster was suffering from severe shoulder pain.  He was approved for a shoulder surgery which was to take place on January 11, 2017.  The orthopedic surgeon, Dr. Foote, ordered bloodwork prior to surgery, which was done on January 3, 2017.

23. The January 3, 2017 lab report shows that Mr. Oster's blood glucose was dangerously high at 604.   The A1C was not measured.  Because of the critical glucose level, the lab personnel called SRCI directly and reported the level to Nurse Karnig at 2:35 pm on January 3, 2017.  Mr. Oster was not informed of this number at this time.

24. Patients who have high blood sugar before undergoing surgery run an increased risk of developing blood clots, deep vein thrombosis and even pulmonary embolism after surgery.  Mr. Oster was also at risk for developing diabetic ketoacidosis which is a diabetic complication that is life-threatening.

25. The medical records appear to indicate that the nurse called Dr. Hemphill who ordered daily CBG checks (finger prick tests).

26.  The daily CBG checks continued to show very high blood glucose levels in the 300 to

Page 5        FIRST AMENDED COMPLAINT                LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

400 range. This is when Mr. Oster became aware that his diabetic condition was no longer under control.

27. Even though surgery is dangerous for a diabetic patient with high glucose levels, Dr. Hemphill failed to cancel the surgery. Mr. Oster was shipped out to the hospital on January 11, 2017 to have his surgery.

28. Fortunately, Dr. Foote had requested the lab reports from ODOC, and he cancelled the surgery after seeing that Mr. Oster's glucose level was 604. Dr. Foote ordered additional lab tests at the hospital which showed Mr. Oster's A1C at 8.7%, way above the diabetic goal of 7%.

29. Mr. Oster was shipped back to SRCI, and did not receive his surgery for about four more months, thus causing him to experience severe shoulder pain for an additional four months.

30. Dr. Hemphill restarted the Metformin on January 11, 2017.

31. The Metformin did not control Mr. Oster's diabetes, so for the first time in his life, he was required to take Lantus insulin injections which was started on January 24, 2017.

32. As a result of Dr. Gulick and Dr. Hemphill's failure to properly monitor and control Mr. Oster's diabetic condition, he suffered a worsening of his diabetic condition including neuropathy and vision changes, he is at risk of further complications, he will need additional future medical care, and he is now required to take daily Lantus insulin injections for the rest of his life. It is estimated that these future damages exceed $500,000.

**FIRST CLAIM FOR RELIEF**

**(Civil Rights 42 USC § 1983 against Defendants Gulick and Hemphill)**

33. Plaintiff realleges paragraphs 1-32.

Page 6    FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

34. Defendants were deliberately indifferent to Mr. Oster's serious medical needs as follows:

   a. In failing to provide medically and constitutionally acceptable treatment for Mr. Oster's diabetes;

   b. In stopping the Metformin without adequate follow-up;

   c. In failing to monitor Mr. Oster's diabetic condition by ordering appropriate testing including but not limited to CBG levels, Comprehensive Metabolic Panel, A1C and other blood tests, and urinalyses;

   d. In failing to ensure CBG levels were monitored after the high fasting glucose level in August of 2016, and after Mr. Oster made complaints of his diabetic symptoms; and

   e. In failing to prescribe adequate medication to treat Mr. Oster's diabetic condition.

35. The defendants' treatment of Mr. Oster violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

36. As a result of the defendants' violation of Mr. Oster's Constitutional rights, Mr. Oster suffered a worsening of his diabetic condition, physical pain due to his delayed shoulder surgery, anxiety about his medical condition, possible future complications, and he will incur future economic damages in the approximate amount of $500,000. Accordingly, plaintiff is entitled to economic and non-economic damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

**(Negligence against Defendant State of Oregon)**

Page 7    FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

37. Plaintiff realleges paragraphs 1-32.

38. Plaintiff gave defendant state of Oregon a timely Tort Claim Notice as required by ORS 30.275 on or about June 13, 2017.

39. Defendant State of Oregon, by and through the conduct of its agents and employees were negligent in the following particulars:

    a. In failing to provide medically acceptable treatment for Mr. Oster's diabetes;

    b. In stopping the Metformin without adequate follow-up;

    c. In failing to monitor Mr. Oster's diabetic condition by ordering appropriate testing including but not limited to CBG levels, Comprehensive Metabolic Panel, A1C and other blood tests, and urinalyses;

    d. In failing to ensure CBG levels were monitored after the high fasting glucose level in August of 2016, and after Mr. Oster made complaints of his diabetic symptoms; and

    e. In failing to prescribe adequate medication to treat Mr. Oster's diabetic condition.

40. Defendant State of Oregon's agents and employees violated their duty to use that degree of care, skill and diligence that is used by ordinarily careful medical providers in the same or similar circumstances in the community or similar community.

41. Defendant State of Oregon's agents and employees' conduct was unreasonable in light of the risk of harm to plaintiff.

42. As a direct result and proximate result of defendant State of Oregon's agents and employees' acts or omissions, plaintiff has incurred economic damages and noneconomic damages in an amount to be determined at trial.

Page 8     FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com

WHEREFORE, plaintiff prays for relief as follows:

a.  For judgment in favor of plaintiff against defendants for his economic and non-economic damages;

b.  For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c.  For such other and further relief as may appear just and appropriate.

DATED:  October 11, 2018.

     /s/ Lynn S. Walsh
Lynn S. Walsh, OSB #92495
(503)790-2772
Attorney for plaintiff

Page 9    FIRST AMENDED COMPLAINT

LYNN S. WALSH
OSB# 924955
205 S.E. Spokane St., #300
Portland, OR 97202
503-790-2772
walsh@europa.com